Per Curiam.
In so far as the property formerly of the Michigan Southern and Northern Indiana Railroad Company is concerned, the present .consolidated company is the successor of the former company; but in respect to the properties of the other companies, which have joined in the consolidation, it is a new and independent company as to the creditors of the old Michigan Southern and Northern Indiana Railroad Company, and they have no claim upon such new company under their original contracts, but only by virtue of the assumption by the new company of the obligations of the several corporations which united in the consolidation. So of the individual defendants. In so far as the trust devolves upon them of managing the property formerly of the old company, they occupy, in relation to the plaintiff, the position of successors to the individual defendants named in the complaint, and are bound by all proceedings had against their predecessors. But as to the other properties which have come under their charge, they are successors to officers of other companies against whom the plaintiff had no right of action upon his original contract. Therefore, both , as to the corporation defendant, and the individual defendants brought in by the order of substitution, if the only effect of *367 the substitution was to continue against them proceedings which affected the property of the original defendants, the case would be simply one of the substitution of new parties representing the same interests as the original defendants, and this might properly be done by motion within one- year. (Code, § 121.)
But the effect of the substitution in the present case is much more extensive. It not only continues the proceedings against the successors of the original defendants, but against a corporation, and the treasurer and directors thereof having control of and being vested with the property formerly of two other companies, not originally liable upon the contract, by virtue of which the plaintiff claims; and subjects the property of those two companies to a decision rendered subsequently to the consolidation in an action to which they were not parties.
In the action as originally brought, the defendant being a foreign corporation, a judgment could only be enforced against such of the property of the defendant as could be found within this' State, and by personal remedies against such of the officers as resided within this State, or were here found and served with process in the action. By the decision of the referee, the directors and treasurer of the original corporation defendant were not only required to pay the amount found due to the plaintiff for back dividends, but were also restrained from making any disposition of the funds, effects or property of the corporation defendant or any part thereof, and from declaring or paying any dividends on its common stock, until the claims of the plaintiff, and all other holders of the guaranteed stock described in the complaint, should be satisfied in full. The substitution of the present consolidated company and its officers as defendants in place of the old Michigan Southern Company and its officers, the original defendants, makes all these provisions obligatory upon the substituted defendants, and subjects them and all the funds and property of the consolidated company to the restraint adjudged against the old Michigan Southern Company.
*368 It may be that the obligations which the consolidated company has assumed render it just that such a judgment should ultimately be rendered against it. But however clearly it may appear that the plaintiff and those in whose behalf the action purports to be brought are entitled to such a remedy, it can legally be obtained only in an action against the parties affected, founded upon their assumption of the liabilities of others, and.not by the summary process of a motion to insert their names as defendants, and thus to apply to them an adjudication previously made against the original debtors.
The order appealed from should be reversed, with costs.
All concur except Peckham, J., not voting.
Order reversed.